AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia



| In the Matter of the Seizure of | ) |
|---|---|
| *(Briefly describe the property to be seized)* | ) |
| | ) |
| Oil Painting Titled "Secret Departure of Ivan the Terrible Before the Oprichina," by Mikhail N. Panin | ) |
| | ) |

Case No.  1:18SW **511**

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____Eastern_____ District of _____Virginia_____ is subject to forfeiture to the United States of America under _18 & 28_ U.S.C. § _981, 2461(c)_ *(describe the property)*:

Oil Painting Titled "Secret Departure of Ivan the Terrible Before the Oprichina" by Mikhail N. Panin

The application is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:

AUSA Karen L. Taylor

_____
*Applicant's signature*

Marc Daniel Hess, FBI Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___08/24/2018___

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
_____
*Judge's signature*

City and state: Alexandria, VA

Theresa C. Buchanan, United States Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



**IN THE MATTER OF THE SEIZURE OF**

Oil Painting Titled "Secret Departure of Ivan the Terrible before the Oprichina," by Mikhail N. Panin

Case No. 1:18SW 511

---

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Marc Hess, being duly sworn, depose and state as follows:

### PROPERTY TO BE SEIZED

1.  This affidavit is submitted in support of an application for a seizure warrant for an oil painting by deceased Ukrainian artist Mikhail N. Panin titled "Secret Departure of Ivan the Terrible before the Oprichina" ["Target Property"].   The Target Property depicts Ivan the Terrible mounted on horseback passing persons kneeling.   Photographs of the Target Property are attached as Exhibit A.

2.  The investigation has determined that the Target Property was stolen during the Second World War from what is now known as the Dnepropetrovsk State Art Museum, Dnepropetrovsk, Ukraine.

3.  The Target Property is currently located at an auction house located in Alexandria, VA.

## AGENT BACKGROUND

4.      I am a Special Agent of the Federal Bureau of Investigation (FBI).   I have been employed with the FBI since 2010.   Before joining the FBI, I was employed as an attorney,   was admitted to practice in New York State and the Australian Capital Territory, and was engaged in the practice of law, to include bankruptcy law, international law, and immigration law.   During my tenure as an FBI Agent, I have participated in criminal investigations involving transnational organized crime, art fraud, violent incident crimes occurring both within the United States and extraterritorially to include homicide, sexual assault, murder for hire, bank robbery, terrorism, and other unlawful activities.   In addition, I am assigned to the FBI's Washington Field Office and also serve as a member of the FBI's Art Crime Team.   My duties include, but are not limited to, investigations of art theft.

5.      I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

## STATUTORY FRAMEWORK

6.      19 U.S.C. § 1595a(c)(1)(A) provides that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited if it . . . is stolen, smuggled, or clandestinely imported or introduced."   Id.

2

7.     Merchandise is introduced or attempted to be introduced "contrary to law" if the importation violates 18 U.S.C. § 2314.  This Section provides in pertinent part:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise . . . of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;

violates the law.

8.     Cultural property is considered "stolen" under 19 U.S.C. § 1595a(c)(1)(A) and 18 U.S.C. § 2314, if it was taken without official authorization from a foreign country whose laws establish state ownership of cultural property.

9.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314, is subject to criminal and civil forfeiture.

10.     This application seeks a seizure warrant under both civil and criminal authority, because the property to be seized could easily be placed beyond process if not seized by warrant, as the Target Property could easily be moved by the person who was attempting to sell it at a local auction house.   Sale and shipment of the Target Property would place it beyond legal process without the judicial intervention requested in the seizure warrant.

11.     18 U.S.C. § 981(b) states that property subject to forfeiture under section 981 may be seized via a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe the property is subject to forfeiture.   28 U.S.C. § 2461(c) incorporates the procedures in 21 U.S.C. § 853 (other than

3

subsection (d)) for all stages of a criminal forfeiture proceeding. Section 853(f) permits the government to request the issuance of a seizure warrant for property subject to criminal forfeiture. Seizures are appropriate in this district, as the property is located in the Eastern District of Virginia.

## FACTS ESTABLISHING PROBABLE CAUSE

12.     Person 1 and Person 2 are a married couple residing in Maine.   In 1987, Person 1 purchased a home in Ridgefield, Connecticut.   The Target Property, which measures approximately 7.5 feet by 8.5 feet, conveyed with the home.

13.     Owner 1 purchased the home from a married couple (Person 3 and Person 4) who had purchased the home in 1962 from Person 5.

14.     At the time of the 1962 conveyance of the home, the painting conveyed with the house from Person 5 to Persons 3 and 4.   According to Person 3 (Person 4 is now deceased), Person 5 told Person 3 that Person 5 purchased the Target Property at an estate sale.

15.     Person 5 was a Swiss citizen who emigrated to the United States in 1946. After purchasing the home in 1962, Persons 3 and 4 located a certificate in the attic of the house commemorating Person 5's service in the Swiss Army during the Second World War. Person 5 passed away in 1986.   Law enforcement has been unable to locate any surviving person or descendants of Person 5.

16.     In 2017 Persons 1 and 2 consigned the Target Property for auction at an auction house in Alexandria, Virginia.   In order to do so, Persons 1 and 2 caused the Target Property to travel to Virginia.

4

17.     The painting was scheduled to be auctioned on November 18, 2017, and was published in the auction's house's catalogue.

18.     On November 17, 2017, an employee of the auction house received an email from the Director of the Dnepropetrovsk State Art Museum.   The email stated, in part:

> Attention!   Painting "Ivan the Terrible" was in the collection of the Dnepropetrovsk Art Museum until 1941 and was stolen during the Second World War.   The museum documentation confirms this fact.   Please stop selling this painting at auction!!!   According to the international rules of restitution of stolen works of art, the picture should return to Ukraine.

19.     Upon receiving this email, the auction house withdrew the painting from the auction and contacted the FBI.

20.     On December 29, 2017, the auction house received a further email from the Director of the Dnepropetrovsk State Art Museum stating, in part:

> Only today I received your letter and hasten to answer your questions.   The painting of Mikhail Panin (1877 – 1963) "Ivan the Terrible" dated of 1911 was a diploma work of the artist, was transferred from the St. Petersburg Academy of Arts in 1913 to the collection of Ekaterinoslav City Art Museum (today the Dnepropetrovsk Art Museum), was among the 64 exhibits that compiled the first museum exposition in 1914, was exhibited at the permanent exhibition of the museum until 1941 and disappeared during the occupation of the city during the Second World War.   We have black-white photos and documents of the museum's funds [sic].

21.     On July 11, 2018, I met with a representative of the Embassy of Ukraine in Washington, D.C., and received several documents regarding the provenance of the Target Property.   The documents were subsequently translated into English by an FBI linguist.

22.     The documents come from two sources: (1) an inventory of items looted from the Dnepropetrovsk State Art Museum by German forces during the Second World War, and (2) an inventory book cataloging the accession of items into the Museum's collection.

23.     The first document is titled "Inventory List of Museum Artworks Taken to Germany by the Hitlerites."   Sequence number 417 on that document identifies inventory number 90 as: "Painting "Secret Departure of Ivan the Terrible before the Oprichina", Artist M.N. Panin, Quantity 1, Amount of Loss 5,000?, Notes K.M. 285-215 1913."

24.     The second document is from an inventory book.   Writing on the first page of the book states, "Dnepropetrovsk State Art Museum, Public Education Department of the District, Inventory List No. 1, Ed. Kr. No. 6, Inventory Records Book of the Museum Assets, from No. 1 to No. 1756, No. 2394 – No. 2486.   598 Pages.   Keep indefinitely."   Page 23 of the book contains an entry for General Sequence number 91 as follows: "Book No, and Sequence No. of Department "17/IVN", Artist, Title, Media, Etc "M.N. Panin, "Ivan the Terrible," historical genre, oil paint, k, Secret Departure," Dimensions and Weight "285/215c," Received from, "Gift from SPB, Art ak. 1913," Value "600r," Notes "New invent. No. 90."

25.     Among the documents provided by the representative were black and white photographs of the Target Property hanging on the walls of the Dnepropetrovsk State Art Museum.   A news clipping pasted next to one of the photographs is dated 1929.   Copies of these photographs have been attached as Exhibit A.

26.     On August 10, 2018, I met with another representative of the Embassy of

Ukraine who provided a copy of a "Concise Museum Guidebook" from the Dnepropetrovsk

State Art Museum dated 1940.   The guidebook contains a photograph of the Target

Property.   A translation of the text underneath the photograph provided by the Embassy of

Ukraine states:

> The competitive picture "Secret Departure of Ivan the Terrible
> before Oprichina" of Panin M.N. (born in 1876).   In the morning
> Ivan the Terrible is leaving secretly from Kremlin for
> Alexandrovskya Sloboda together with his loyal adherents.   The
> big Kremlin gates of the 16[th] century are depicted, there are
> beggars on the left, a group of the bowing people on the right.
> Panin was awarded the titled of artist in 1911 for this painting.

27.     Based on interviews with current and former owners, a review of the

documents received from the Dnepropetrovsk State Art Museum from the Embassy of

Ukraine, and a physical examination of the Target Property, I respectfully submit that there is

probable cause to believe the Target Property is the same painting that was stolen from the

Dnepropetrovsk State Art Museum during the Second World War.

28.     I also respectfully submit that the Target Property is subject to forfeiture based

on its transportation across state lines into Virginia for an attempted resale.   Based on my

training and experience, I believe the Target Property could sell for over $5,000.   There is

also probable cause to believe the Target Property is subject to forfeiture as merchandise that

was introduced or attempted to be introduced into the United States contrary to law.

29.     Wherefore, it is requested that a seizure warrant be issued for the TARGET

Property.

Marc Daniel Hess
Special Agent
Federal Bureau of Investigation


SWORN TO AND SUBSCRIBED before me this 24th day of August, 2018

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Theresa C. Buchanan
United States Magistrate Judge
for the Eastern District of Virginia

8

**Exhibit A**
Images of the Defendant in rem



**Painting as it appears today**



**Painting as it appeared in Dnepropetrovsk State Art Museum circa 1929**



**Painting as it appeared in Dnepropetrovsk State Art Museum circa 1929**